**John E. STEVENS, Plaintiff,**

v.

**The BALTIMORE AND OHIO RAIL-ROAD COMPANY, a Foreign Corporation, Defendant and Third-Party Plaintiff,**

v.

**LUCERNE COKE COMPANY, a corporation, Shenango Furnace Company, a corporation, and Shenango, Inc., a corporation, Third-Party Defendants.**

Civ. A. No. 65-166.

United States District Court
W. D. Pennsylvania.

Aug. 29, 1967.

Henry E. Rea, Jr., Pittsburgh, Pa., for plaintiff.

Mercer & Buckley, Pittsburgh, Pa., for defendant.

V. J. Rich, Pittsburgh, Pa., for 3rd parties.

## MEMORANDUM OPINION

GOURLEY, Chief Judge.

This is a civil non-jury proceeding which arises out of an accident in which the plaintiff was injured on defective equipment of the defendant Railroad, which proceeding was settled. The reasonableness thereof is not in dispute.

Lucerne Coke Company, plaintiff's employer, was joined as third-party de-

fendant by the Railroad, which claims indemnification under the terms of a written agreement between said parties. Also joined as third-party defendants were Shenango Furnace Company and Shenango, Inc., which companies absorbed Lucerne by consolidation or merger and assumed all liabilities.

The matter before the Court is the claim of the Railroad, as third-party plaintiff, against the third-party defendants, hereinafter referred to as the Company, based on an indemnity agreement in which the parties are in dispute as to its application to the facts which gave rise to the original cause of action.

The Court has conducted a full and complete hearing, considered the briefs of counsel, and it is concluded that the provisions of the indemnity agreement do have application, and the third-party plaintiff is entitled to recover in the amount of $14,000.00.

It is not in dispute that the Company requested the Railroad to service an area for the unloading of coal and granted a right of way over the premises of said Company for this purpose. A written indemnity agreement was entered into between the parties which provided, inter alia, as follows:

"WHEREAS, Company desires to construct certain unloading facilities on land owned by it at Lucerne, in Centre Township, Indiana County, Pennsylvania, and beneath railroad sidetrack to be loaded on said land and to be owned and maintained by Railroad, and

WHEREAS, Company proposes to grant unto Railroad, without costs, an easement over and across the land upon which the above-mentioned sidetrack is to be constructed."

The agreement further provided:

"Company hereby assumes, and releases and agrees to indemnify, protect and save Railroad harmless from and against, (I) * * *, and (II) all loss and damage on account of injury to or death of any person whomsoever (including employees and patrons of the parties hereto and all other persons whomsoever), and (III) all claims and liability for such loss and damage and cost and expenses thereof, caused by or growing out of the operation of this agreement or the presence, construction, maintenance, use, repair, change or relocation and subsequent removal of said facilities, whether caused by the fault, failure or negligence of the Railroad or otherwise."

■ The action and course of conduct of the Railroad in providing a car with a defective appliance which brought about the accident and claim for damages, in my judgment, was an act of negligence and fault, or otherwise, in that the Railroad instrumentality was furnished in violation of law. The thesis of the Company is that, although the accident occurred on a sidetrack which was constructed for the operation of the unloading facility, the circumstances under which the accident arose were not contemplated by the agreement in that the accident did not relate to the unloading facilities or was the accident due to any act of negligence on the part of the Company.

I do not believe that this position is consistent with the terms and provisions of the agreement. In order to give this construction to the indemnity section, that section must be so construed so as to limit it to only liability or claims that grow out of the unloading facility itself.

■ It is the law in Pennsylvania that in construing a contract the intention of the parties must be ascertained by the entire instrument, and each and every part of it must be taken into consideration and given effect if reasonably possible. Foulke v. Miller, 381 Pa. 587, 112 A.2d 124 (1955).

Unquestionably, the first paragraph of the "WHEREAS" in the agreement sets out the desire of the Company to have certain unloading facilities constructed on its land. The second paragraph of the "WHEREAS" in the agreement specifically states that the Company was granting to the Railroad an ease-

ment over and across the Company land upon which the sidetrack was to be constructed.

Thus far, it is without question that the agreement contemplates both the unloading facilities and the sidetrack. The next relevant section is the indemnity portion. In that portion, the language is not restricted to the unloading facility, but, on the contrary, includes "all claims and liability * * * caused by or growing out of the operation of this agreement," and as stated, the agreement includes unloading facilities and sidetrack.

The parties were well aware at the time of the signing of the agreement referred to of the operation of such unloading facilities. However, the Railroad wanted indemnification from and against any and all claims arising out of the agreement and not merely the unloading facility itself. To interpret the indemnity section to only apply to the unloading facility would not be a fair and reasonable interpretation of the agreement in light of the second "WHEREAS" paragraph.

Appropriate Findings of Fact and Conclusions of Law are entered.

## FINDINGS OF FACT

1. On December 31, 1953, the Baltimore and Ohio Railroad Company and the Lucerne Coke Company entered into a written agreement which refers to the construction and use of a sidetrack and certain unloading facilities on the property of Lucerne Coke Company in Indiana County, Pennsylvania. (The written agreement is attached to the proceedings of record and also was admitted as an exhibit.)

2. The written agreement contains an indemnity clause which states:

"Company hereby assumes, and releases and agrees to indemnify, protect and save Railroad harmless from and against, (I) * * *, and (II) all loss and damage on account of injury to or death of any person whomsoever (including employees and patrons of the parties hereto and all other persons whomsoever), and (III) all claims and liability for such loss and damage and cost and expenses thereof, caused by or growing out of the operation of this agreement or the presence, construction, maintenance, use, repair, change or relocation and subsequent removal of said facilities, whether caused by the fault, failure or negligence of the Railroad or otherwise."

3. Since 1954, the unloading facilities and the sidetrack have been used in the normal operation of Company's business.

4. On March 25, 1963, John E. Stevens, plaintiff in the original action, sustained personal injuries while attempting to release the handbrake on a railroad car owned by The Baltimore and Ohio Railroad Company, which was located on the sidetrack referred to in the agreement.

5. At the time of the accident, John E. Stevens was employed by Lucerne Coke Company as a car handler and was one of a crew of three engaged in the unloading operation of the Coke Company.

6. The accident occurred while John E. Stevens was preparing to spot the railroad car over the unloading facilities referred to in the agreement.

7. John E. Stevens commenced a suit in this Court at the above civil action number against The Baltimore and Ohio Railroad Company. The Railroad caused the joinder of the Lucerne Coke Company as third-party defendant. The matter between the plaintiff and the railroad company was settled upon payment by the railroad of the sum of fourteen thousand ($14,000.00) dollars, and the reasonableness thereof is not in dispute.

8. The Baltimore and Ohio Railroad Company claims full indemnity from Lucerne Coke Company pursuant to the provisions contained in the written agreement referred to above.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter involved in this dispute.

2. The Agreement of December 31, 1953, was, at all times, material hereto valid and subsisting and in full force and effect.

3. The contract provides for indemnity to the railroad company for loss caused by or growing out of the presence and use of the sidetrack and unloading facilities.

4. The accident referred to above occurred during the operation and use of the sidetrack and right of way facilities.

5. This loss is of the type contemplated by the parties when the agreement was executed.

6. The agreement provides for indemnity to the railroad whether caused by the fault or negligence of the railroad or otherwise.

7. The terms "presence" and "use" referred to in the indemnity paragraph of said agreement should be given full effect.

8. The Baltimore and Ohio Railroad Company is entitled to full indemnity from Lucerne Coke Company in the amount of fourteen thousand ($14,000.-00) dollars plus interest and costs.

An appropriate order is entered.